UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 1:22-cr-00999-JCH

HENRYETTA JOHN,

      Defendant.

## ORDER DENYING UNOPPOSED MOTION FOR TEMPORARY RELEASE FROM CUSTODY

**THIS MATTER** is before the Court on defendant Henryetta John's Unopposed Motion for Release from Custody for Admittance to Darrin's Place Recovery Center, filed on March 17, 2023. Doc. 39. The government does not oppose Ms. John's motion, but her supervising pretrial services officer does oppose the motion. *Id.* at 2. For the following reasons, the Court DENIES Ms. John's motion.

On June 15, 2022, a federal grand jury returned an indictment against Ms. John, accusing her of assaulting a federal officer and inflicting bodily injury on the officer, in violation of 18 U.S.C. §§ 111(a) and (b). Doc. 2. Ms. John was taken into federal custody in July, and released on conditions pursuant to the recommendations of the pretrial services office. *See* Docs. 11, 14. On October 6, 2022, Ms. John's supervising officer filed a petition for action on conditions for release; Ms. John had been arrested for driving under the influence of alcohol. Doc. 20. Her breath alcohol test revealed a breath alcohol content (BAC) of 0.239. *Id.* Ms. John waived her right to a hearing on this petition and admitted to violating two conditions of her release—the condition that she not use alcohol and the condition that she not commit another crime. *See*

Docs. 24, 25. The Court found that Ms. John violated the conditions of her release, but the Court again set conditions of release, which included a zero-tolerance provision. *See* Docs. 24, 26.

Less than two weeks later, on October 25, 2022, Ms. John's supervising officer filed a second petition for action on conditions for release. Doc. 27. The petition alleged that Ms. John again used alcohol, that she failed to participate in a substance abuse program as required, and that she violated the zero-tolerance provision in the last release order. *See id.* Ms. John absconded from supervision, and at the end of December 2022, her attorney filed a motion to continue the trial setting in part because "Ms. John's current whereabouts are unknown." Doc. 30. Ms. John finally was arrested on February 9, 2023, and she waived her right to a hearing on the pending petition as well as her right to contest her detention. *See* Docs. 33, 34, 35. The Court found that Ms. John had violated the conditions of her pretrial release as alleged in the petition, and it revoked her release.

On March 17, 2023, Ms. John moved this Court to temporarily release her under 18 U.S.C. § 3142(i) so that she can attend in-patient treatment at Darrin's Place Recovery Center. Doc. 39. Although the Court is confident that Ms. John could benefit from intensive in-patient treatment, Ms. John has not presented the Court with sufficient reasons to warrant her release under 18 U.S.C. § 3142(i), particularly given the pretrial services' office opposition to the motion. First, relief under § 3142(i) should be used sparingly. *United States v. Alderete*, 336 F.R.D. 240, 266 (D.N.M. 2020). Second, Ms. John bears the burden of proof under § 3142(i) in showing that her temporary release is "necessary . . . for another compelling reason." *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012). Unfortunately, many detained defendants have serious substance abuse problems, but the Court has not found a case in which a Court has found

that attending in-patient treatment is a compelling reason to release a defendant who otherwise poses a risk of nonappearance. Release under such circumstances would drastically increase the use of § 3142(i). In addition, as Judge Browning explained:

> The decision whether to release a defendant temporarily under § 3142(i) is . . . intertwined with the factors that the . . . judicial officer consider(s) at the defendant's detention hearing[] because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is. These factors never go away.

*Alderete*, 336 F.R.D. at 269.

Ms. John does not address her potential danger to the community or her risk of nonappearance in her motion. While on release, Ms. John demonstrated that she is a flight risk by absconding from supervision and demonstrated that she is a danger to the community by driving under the influence of alcohol. Ms. John has not met her burden of proving that her admittance to Darrin's Place necessitates her temporary release, nor has she shown that she would not be a flight risk or a danger to the community if temporarily released.

**IT IS THEREFORE ORDERED** that defendant Henryetta John's Unopposed Motion for Temporary Release from Custody (Doc. 39) is denied.

DATED this 20th day of March 2023.

_____
Laura Fashing
United States Magistrate Judge